1  ALBERT F. DAVIS (State Bar No. 189703)
   A. F. DAVIS LAW
2  468 North Camden Drive, Suite 200
   Beverly Hills, California 90210
3  Telephone:  (310) 860-7704
   Facsimile:   (323) 843-5399
4  Email:  afd@davis-iplaw.com

5  Attorneys for Plaintiff
   DENISE CLARK-WILLIAMS
6

7

8                 UNITED STATES DISTRICT COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  V. DENISE CLARK-WILLIAMS, an    )    Case No.
    individual,                     )
12                                  )
                   Plaintiff,       )    COMPLAINT FOR:
13                                  )
            v.                      )    (1) COPYRIGHT INFRINGEMENT;
14                                  )
    GALARDI GROUP, INC. d/b/a       )    (2) TRADEMARK INFRINGEMENT;
    WIENERSCHNITZEL and DOES 1-     )
15  10, inclusive,                  )    (3) FALSE REPRESENTATION;
                                    )
16                 Defendants.      )    (4)  UNFAIR COMPETITION;
                                    )
17                                  )    DEMAND FOR JURY TRIAL
                                    )
18                                  )
                                    )
19  _____)

20

21         Plaintiff V. Denise Clark-Williams ("Mrs. Williams") complains of defendants

22  and alleges:

23

24

25

26

27

28

1

2

<u>Jurisdiction and Venue</u>

3      1.      This action arises under the copyright laws of the United States, Title 17,

4  <u>United States Code</u>, the trademark laws of the United States, Title 15, <u>United States</u>

5  <u>Code</u>, and the trademark, unfair competition and common laws of the State of

6  California.  This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, and

7  1338(a) and (b), 15 U.S.C. § 1121, and principles of pendent jurisdiction.  Venue lies

8  in this district under 28 U.S.C. §§ 1391(b) and 1400(a).

9

10      <u>Nature of Action</u>

11

12      2.      Defendants have infringed and misappropriated Mrs. Williams' valuable

13  intellectual property rights in her "©Mr. Frankie™" character design.  Without Mrs.

14  Williams' consent, defendants are making unauthorized use of Mrs. Williams' "©Mr.

15  Frankie™" copyright and trademark.

16      3.      Defendants continue to infringe Mrs. Williams' rights with the full

17  knowledge that the "©Mr. Frankie™" character design is the copyrighted property

18  and trademark of Mrs. Williams.  Defendants are therefore willfully and maliciously

19  causing deception in the marketplace. Accordingly, Mrs. Williams seeks injunctive

20  relief and monetary damages for acts of copyright infringement, trademark

21  infringement, false representation, and unfair competition knowingly and willfully

22  committed by defendants in violation of the laws of the United States and the State of

23  California.

24

25      <u>Parties</u>

26

27      4.      Mrs. Williams is, and at all times herein mentioned was, an individual

28  residing and doing business in Los Angeles County, California.

5.      Mrs. Williams is informed and believes, and on that basis alleges, that Defendant Galardi Group, Inc., d/b/a Wienerschnitzel, ("Galardi Group") is a California corporation with its principal place of business in Orange County, California.

6.      The true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, are not known to Mrs. Williams, who therefore sues said defendants by such fictitious names.  Mrs. Williams will amend this Complaint to allege their true names and capacities when the same are ascertained.

Factual Background

7.      In the mid 1980's, Mrs. Williams started a mobile concessions business selling primarily hotdogs from several mobile carts called "From Dogs…To Riches." As her business grew, in the early 1990's, Mrs. Williams wrote and published a guide to owning mobile vending carts also entitled "From Dogs…To Riches."  On the cover art and throughout her book, Mrs. Williams featured her "©Mr. Frankie™" character. A copy of Mrs. Williams' book cover and a page thereof showing her "©Mr. Frankie™" character is attached as Exhibit A.

8.      Mrs. Williams has registered the "©Mr. Frankie™" character with the Copyright Office of the United States of America as part of her book "From Dogs…To Riches."  The work was issued Registration No. TX 3842408.  A copy of the Copyright Office's electronic catalog record is attached as Exhibit B and, by this reference, is incorporated herein as though set forth at length.

9.      Mrs. Williams has also used depictions of the "©Mr. Frankie™" character as a trademark and service mark for her mobile concessions business and her "how-to" services, respectively since its creation.  The "©Mr. Frankie™" mark is valid and subsisting.  A copy of Mrs. Williams' business card showing her "©Mr. Frankie™" trademark is attached as Exhibit C.

2

<u>Defendants' Infringing Activities</u>

10.     Defendant Galardi Group runs the 350-unit Wienerschnitzel restaurant chain; perhaps the largest hotdog chain in the world. Defendant owns approximately ten percent of the restaurants and the rest are operated, under its supervision, by its franchisees.  Defendant also owns the Tastee-Freez chain of more than 225 ice cream stands and the Original Hamburger Stand chain.

11.     Defendants have misappropriated Mrs. Williams' "©Mr. Frankie™" character and have used it, or an unauthorized derivative work thereof, to sell hotdogs and related products.  Most notably, Mrs. Williams' "©Mr. Frankie™" character, and unauthorized derivatives thereof, have been used by defendants as a mascot of sorts for their Wienerschnitzel restaurant chain.  The infringing copies of the "©Mr. Frankie™" work are found in nearly all of Defendants' advertising, on the sides of their popular food trucks, and on most if not all of their food containers, cups and bags.  Defendants have even gone so far as to sign a false declaration to improperly registered an unauthorized derivative work of Mrs. Williams' "©Mr. Frankie™" character for "restaurant services and take-out restaurant services" with the United States Patent and Trademark Office ("USPTO"); Registration No. 2944059.  A copy of the USPTO record of defendants' aforementioned registration is attached as Exhibit D.  A copy of just a few of defendants' infringing copies appearing on their Website at www.wienerschnitzel.com is attached as Exhibit E.

12.     By letter dated June 18, 2014, sent to Defendant Galardi Group that day, Mrs. Williams requested that defendants cease and desist immediately from their infringing activities.  A true and correct copy of that letter is attached as Exhibit E and is incorporated herein by reference as though set forth at length.

13.     Subsequent to Mrs. Williams' cease and desist letter, defendants continued to use infringing copies of Mrs. Williams' "©Mr. Frankie™" character as

their mascot and liberally applied them to their Wienerschnitzel restaurant food and drink packaging and advertising.

14.    By letters dated July 29, 2014 and August 14, 2014, in an attempt to resolve the matter without judicial intervention, Mrs. Williams repeatedly asked for – and gave extensions of time for – defendants to produce items necessary for settlement discussions. Defendants did not produce the items requested.

FIRST CLAIM FOR RELIEF

COPYRIGHT INFRINGEMENT

15.    Mrs. Williams repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 14 above as though set forth here at length.

16.    Defendants have in the past reproduced, prepared derivative works, displayed and distributed , and will continue to reproduce, prepare derivative works, display and distribute copies and/or depictions of Mrs. Williams' copyrighted "©Mr. Frankie™" character.  Defendants' use of Mrs. Williams' copyrighted "©Mr. Frankie™" character is and has been made without Mrs. Williams' consent and such use has been made for commercial purposes.  Accordingly, defendants have infringed Mrs. Williams' copyright in her "©Mr. Frankie™" character.

17.    Mrs. Williams has suffered serious injury as a result of the foregoing infringements of her copyright.  In addition, Mrs. Williams will continue to suffer serious injury if defendants are not enjoined from reproducing, distributing, displaying, preparing derivative works or otherwise using the "©Mr. Frankie™" character.  Mrs. Williams has no adequate remedy at law for defendants' continuing acts of infringement.  Mrs. Williams is therefore entitled to a preliminary and permanent injunction enjoining defendants' acts of infringement and to recover her costs and reasonable attorneys' fees from defendants pursuant to 17 U.S.C. § 505, in

4

addition to her lost profits and actual damages or statutory damages of $150,000 for willful infringement.

## SECOND CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT

18.     Mrs. Williams repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 17 above as though set forth here at length.

19.     Mrs. Williams has long used her Mr. Frankie™ design mark in commerce in connection with her mobile hotdog vending business and "how-to" services related thereto.

20.     Defendants have used and are using in commerce reproductions, copies and colorable imitations of Mrs. Williams' mark in conducting their restaurant business, wherein they also primarily sell hotdogs, in a manner likely to cause confusion or mistake or to deceive.  Defendants' actions have at all times been without Mrs. Williams' consent.

21.     Defendants' acts constitute common law trademark infringement.  Mrs. Williams owns and uses the Mr. Frankie™ trademark and enjoys common law rights in California and elsewhere in and to the Mr. Frankie™ mark on the goods and services set forth above, and thus these rights are senior and superior to any rights which defendants may claim.

22.     Defendants' infringement will continue unless enjoined.

///

///

///

# THIRD CLAIM FOR RELIEF
## FALSE REPRESENTATION

23.    Mrs. Williams repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 above as though set forth here at length.

24.    As a small business owner, Mrs. Williams poured her heart and limited resources into developing a recognizable brand for her mobile hotdog concessions business.  The result of her creativity and design efforts was her unique "©Mr. Frankie™" design.  Since long prior to the acts of defendants complained of herein, the unique and distinctive design of the "©Mr. Frankie™" mark has been identified by the general public as emanating from Mrs. Williams and her "From Dogs… To Riches" business.

25.    Due to the distinctiveness of the "©Mr. Frankie™" character design, as a result of Mrs. Williams' investment of time, effort and other resources, it has long enjoyed valuable goodwill.

26.    Defendants have deliberately embarked upon a course of conduct which is deceptive, illegal, and unfair.  By their use of Mrs. Williams' mark, they have commandeered her intellectual property for their own advantage and gain.  Defendants are using their larger size and substantial resources to create in the minds of the consuming public the false impression that the "©Mr. Frankie™" character design originated with them rather than Mrs. Williams, thereby harming Mrs. Williams' reputation.

27.    Defendants' aforesaid acts constitute a false representation and are a violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

28.    Defendants' acts complained of herein have damaged and will continue to irreparably damage Mrs. Williams.  Mrs. Williams has no adequate remedy at law

for these wrongs and injuries.  The damage to Mrs. Williams includes harm to her goodwill and reputation in the marketplace that money damages cannot adequately compensate.  Mrs. Williams is therefore entitled to a preliminary and permanent injunction enjoining defendants' acts of false representation.  Mrs. Williams is also entitled to recover her damages as well as defendants' profits.

FOURTH CLAIM FOR RELIEF

UNFAIR COMPETITION

29.    Mrs. Williams repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 28 above as though set forth here at length.

30.    By reason of the foregoing, defendants have engaged in "unlawful, unfair or fraudulent business practices" in violation of Section 17200 et seq. of the California Business & Professions Code, as well as acts of unfair competition in violation of the common law.  Among other things, defendants' activities described above fraudulently create the impression that Mrs. Williams' "©Mr. Frankie™" character was created by defendants.  This constitutes a fraudulent use and a misappropriation of Mrs. Williams' intellectual property.  Defendants have also wrongfully profited from advertising and selling goods and services in commerce that infringe upon or otherwise violate Mrs. Williams' trademark or copyright.

31.    Defendants' acts complained of herein have damaged and will continue to damage Mrs. Williams irreparably.  Mrs. Williams has no adequate remedy at law for these wrongs and injuries.  The damage to Mrs. Williams includes harm to the value and goodwill associated with her trademark that money cannot compensate.  Mrs. Williams is therefore entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants and employees, and all

persons acting thereunder, in concert with, or on their behalf, from further acts of unfair competition.

32.     Mrs. Williams is further entitled to recover her damages, an accounting of defendants' profits, restitution and the disgorgement of defendants' ill-gotten gains.  In addition, defendants' unlawful actions were in bad faith, in conscious disregard of Mrs. Williams' rights and performed with the intention of depriving Mrs. Williams of her rights.  Accordingly, defendants' conduct merits, and Mrs. Williams seeks, an award of punitive damages in an amount sufficient to punish defendants and deter such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Mrs. Williams demands judgment:

1.     That, pursuant to 17 U.S.C. § 502 and applicable California and common law, defendants, as well as all persons acting under the direction, control, permission, or authority of defendants, or any of them, and all persons acting in concert therewith, be enjoined during the pendency of this action, and permanently thereafter, from displaying, marketing, distributing, advertising, transferring, or selling any facsimile, copy, replica, reproduction, picture, depiction, or product derivative of the "©Mr. Frankie™" character or otherwise infringing Mrs. Williams' copyright or trademark in the "©Mr. Frankie™" character and design mark.

2.     That, pursuant to 17 U.S.C. §§ 503(b) and 509, all displays, facsimiles, copies, replicas, reproductions, pictures, depictions and products derivative of the "©Mr. Frankie™" character in defendants' possession, custody, or control, and all pre-fabricated displays or kits, molds, matrices or other devices used for assembling, manufacturing, or reproducing the aforesaid items, be ordered delivered up for destruction or seized and forfeited to the United States or Mrs. Williams;

3.    That, pursuant to 17 U.S.C. § 505, the defendants pay to Mrs. Williams the full costs of this action and Mrs. Williams' reasonable attorneys' fees;

4.    That, pursuant to 17 U.S.C. § 504, Mrs. Williams recover her actual damages and defendants' profits or, in the alternative, that Mrs. Williams recover $150,000 in statutory damages from each defendant for willful infringement;

5.    That, pursuant to 15 U.S.C. § 1125(a), defendants and their agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, be enjoined during the pendency of this action, and permanently enjoined thereafter from reproducing, displaying, manufacturing, marketing, selling, distributing, or advertising any product or service with a depiction confusingly similar to the "Mr. Frankie™" character, whether in two- or three- dimensional form, and that all products, items, signs, prints, packages, wrappers, literature, and advertisements in the possession of defendants bearing any reproduction, copy or colorable imitation of the "Mr. Frankie™" design mark, whether in two- or three- dimensional form, and all devices, plates, molds, and other means of making the same, be delivered up to the United States or Mrs. Williams for destruction;

6.    That and order issue to the United States Patent and Trademark Office to cancel Trademark Registration No. 2944059;

7.    That, pursuant to 15 U.S.C. § 1125(a) and applicable California and common law, Mrs. Williams recover three times the defendants' profits and her damages, reasonable attorneys' fees, and the costs of this action;

8.    That defendants be ordered to pay Mrs. Williams punitive and exemplary damages in a sum sufficient to punish defendants, and to make an example of them, and deter them from similar wrongdoing; and

///
///
///

9

9.      That Mrs. Williams have such other and further relief as the Court deems just and proper.

DATED: August 25, 2014                          A. F. DAVIS LAW

                                        By      /s/ Albert F. Davis
                                                Albert F. Davis
                                                Attorneys for Plaintiff
                                                V. Denise Clark-Williams

1
2
<u>DEMAND FOR JURY TRIAL</u>

3
4      Plaintiff V. Denise Clark-Williams hereby demands trial by jury pursuant to

5  <u>Fed. R. Civ. Proc</u>. § 38(b).

6
7  DATED: August 25, 2014                              A. F. DAVIS LAW

8
9                                      By      <u>/s/ Albert F. Davis</u>
10                                             Albert F. Davis
                                               Attorneys for Plaintiff
11                                             V. Denise Clark-Williams
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28